**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| SHARON MARIE ROGERS, | CASE NO.: 1:24-cv-148 |
| Plaintiff, | JUDGE MICHAEL R. BARRETT |
| vs. | |
| STATE FARM FIRE & CASUALTY COMPANY, | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL APPRAISAL AND STAY LITIGATION: ORAL ARGUMENT REQUESTED**

## INTRODUCTION

This matter arises from an insurance claim for property damage caused by a severe storm that occurred on or about March 25, 2023 (the "Loss"). The Loss occurred at Plaintiff Sharon Rogers' ("Rogers") property, located at 5040 Swauger Valley Road #A, Portsmouth, OH 45662 (the "Property"). At the time of the Loss, the Property was insured under a policy of insurance (the "Policy") with Defendant, State Farm Fire & Casualty Company ("State Farm").

Following the Loss, Plaintiff filed an insurance claim with State Farm for damages caused by the Loss. Plaintiff complied with its obligations under the Policy and permitted access to the Property for State Farm's inspection(s). The parties agree that the storm is a

covered cause of loss and that the storm caused loss. However, the parties dispute the amount of Loss the storm caused.

State Farm contends the amount of Loss caused by the storm is $3,490.68. Rogers contends that the damage is more extensive and that minor repairs are not possible, such more material needs to be replaced rather than repaired. Accordingly, the parties continue to dispute the amount of Loss caused by the March 25, 2023 storm. Therefore, Plaintiff demanded an appraisal.[1] State Farm has denied appraisal and attempted to improperly restrict appraisal to specific parts of the loss.

This matter is similar to several other matters in which the Ohio Courts have compelled State Farm to participate in appraisal as provided for in the terms of the Policy. See *Rsrvs. at Beavercreek Condo. Ass'n v. State Farm Fire & Cas. Co.*, No. 3:23-CV-00098, 2023 WL 9183683, at *2 (S.D. Ohio Dec. 15, 2023) ("Plaintiff's Motion to Compel Appraisal and Stay Litigation (Doc. No. 15) is **GRANTED**"); *Eagle Highland Owners Ass'n v. State Farm Fire & Cas. Co.*, No. 3:23-CV-19, 2023 WL 8598329, at *2 (S.D. Ohio Dec. 12, 2023) ("Accordingly, pursuant to the factual dispute regarding both the amount of loss sustained by Plaintiff and the causation of any alleged loss — the existence or non-existence of which will affect whether Defendant incurs repair costs — the motion to compel appraisal (Doc. No. 5) is **GRANTED**"); *Westview Vill. v. State Farm Fire & Cas.*

---

1 Appraisal is an out of court resolution mechanism much like arbitration designed to resolve disputes over the amount of loss outside of Court. It is provided for in the Policy and has been the preferred method for resolving property insurance disputes for a century. *See, Royal Ins. Co. v. Ries*, 80 Ohio St. 272, 282, 88 N.E. 638, 640 (1909).

*Co.*, No. 1:22-CV-0549, 2022 WL 3584263, at *4 (N.D. Ohio Aug. 22, 2022) ("the Court **GRANTS** Plaintiff's motion to compel appraisal and **STAYS** litigation until appraisal completes"); *Hunters Glen Condo. Ass'n v. State Farm Fire & Cas. Co.*, No. 3:23-CV-77, 2024 WL 1990875, at *2 (S.D. Ohio May 6, 2024) ("The motion is **GRANTED** as to compelling appraisal"); *Two Brothers Ent., Inc. et al v. State Farm Fire and Cas. Co.*, Case No. 22-cv-02025 (S.D. Ohio March 7, 2023) (Remick Aff. Ex. 1) ("the Court GRANTS Plaintiff's motion to compel appraisal (Doc. No. 10) and STAYS litigation until appraisal is completed."); and *Cinnamon Ridge Condo. Assoc., Inc. v. State Farm Fire & Cas. Co.*, Case No. 22-cv-118 (S.D. Ohio Feb. 14, 2023) (Remick Aff. Ex. 2) ("Plaintiff's Motion to Compel Appraisal and Stay Litigation (Doc. #7) is **GRANTED**.")

Overall, the parties have a dispute over the amount of Loss, Rogers demanded appraisal under the terms of the Policy, and State Farm is required to cooperate with an appraisal of the amount of Loss. Accordingly, Rogers respectfully requests this Court Grant Rogers' Motion to Compel Appraisal and Stay Litigation.

## **DOCUMENTS COMPRISING THE RECORD**

**I.     Affidavit of Anthony A. Remick:**

   Exhibit 1:   Order Compelling Appraisal *Two Brothers Ent. Inc. et al v. GNY Fire and Cas. Co.*, U.S. District Court Northern District of Ohio Eastern Division, Court File No. 1:22-cv-0549 (March 7, 2023)

   Exhibit 2:   Order Compelling Appraisal in *Cinnamon Ridge Condominium Association, Inc. v. GNY Fire Cas. Co.*, U.S. District Court Southern District of Ohio Western Division at Dayton, Court File No. 3:22-cv-118 (February 14, 2023).

   Exhibit 3:   The Policy

Exhibit 4:   State Farm repair estimate

Exhibit 5:   Rogers' repair estimate

Exhibit 6:   November 20, 2023 email from The PA to State Farm

Exhibit 7:   March 18, 2024 Appraisal Demand Letter

Exhibit 8:   May 9, 2024, Appraisal Denial Letter

Exhibit 9:   June 12, 2024 letter from State Farm to Rogers

Exhibit 10:  Order Compelling Appraisal in *Michael Ledyard and Better Ledyard v. The Cincinnati Insurance Company*, Jefferson County Court of Common Pleas Case No. 22-CV-49 (Sept. 1, 2022)

Exhibit 11:  Order Compelling Appraisal in *Lenox Green Condo. Assoc. v. Owners Insurance Company*, Cuyahoga County Court of Common Pleas Case No. CV-22-963763 (February 9, 2023)

Exhibit 12:  Order Compelling Appraisal *Worthington Hills Country Club v. Motorists Commercial Mut. Ins. Co.*, Franklin County Court of Common Pleas Case No. 23-CV-003426 (November 2, 2023)

## FACTS

1. Plaintiff, Sharon Marie Rogers ("Rogers"), is a resident of the State of Ohio who resides at 5040 Swauger Valley Road #A, Portsmouth, OH 45662 (the "Property") in Scioto County.

2. Defendant, State Farm Fire and Casualty Company ("State Farm") is an insurance company and insured the property at all relevant times. (Remick Aff. Ex. 3).

3. On or about March 25, 2023 ("the Loss"), a severe weather-related event caused substantial damage to Plaintiff's Property.

4. Rogers timely submitted an insurance claim with State Farm.

5. State Farm has had a full and fair opportunity to investigate the loss, did so, and determined the amount of Loss to be $3,490.68. (Remick Aff. Ex. 4).

6. Rogers retained a public adjuster, Insurance Adjusting Services West Penn ("The PA"), to provide an independent assessment of the claim. (Remick Aff. Ex. 5).

7. The PA provided a detailed, 197 line item repair estimate showing all necessary repairs and a total amount of Loss at $214,871.20. (*Id.*)

8. On November 20, 2023, and likely prior to November 20, 2023 as well, the PA submitted the repair estimate along with further explanation of the Loss. (Remick Aff. Ex. 6).

9. On March 18, 2024, Rogers demanded the disputed amount of Loss be resolved by the appraisal process provided for in the Policy and again provided the detailed repair estimate which identifies all damages claimed. (Remick Aff. Ex. 7).

10. State Farm responded by acknowledging that Rogers' demand for appraisal encompasses "the entire claim, including both he alleged exterior dwelling damages and the interior dwelling damages" and then rejected appraisal as to the interior portion of the claim. (Remick Aff. Ex. 8).

11. The Policy contains the following appraisal provision:

**4. Appraisal.** If *you* and *we* fail to agree on the amount of loss, either party can demand that the amount of loss be set by appraisal. Only *you* or *we* may demand appraisal. A demand for appraisal must be in writing. *You* must comply with **SECTION I – CONDITIONS, Your Duty After Loss** before making a demand for appraisal. At Least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of loss, identifying each item being disputed.

(Remick Aff. Ex. 3 at 25).

12. Rogers has provided a detailed line item repair estimate and informed that any line items that State Farm does not agree to pay is an item in dispute and Rogers has complied with State Farm's investigation of the Loss such that State Farm was able to make its own assessment as to the amount of Loss.

13. Rogers believes a discussion of appraisal may assist the Court in determining this Motion and requests oral argument.

## ARGUMENT

**I.  Declaratory Judgment.**

Ohio Rev. Code § 2721.03 provides that any person interested under a written contract or other written instrument may have its rights under said writings determined via a declaration of rights, status, or other relations under it. Courts routinely examine insurance policies and issue declarations of the rights of the parties in relation to the policy at issue. *See, J.C. Penney Cas. Ins. Co. v. Professionals Ins. Co. of Ohio*, 586 N.E.2d 222 (1990); *Indiana Ins. Co. v. Murphy*, 848 N.E.2d 889 (2006). Generally, interpretation of an insurance policy is a legal question for the Court to resolve. *Columbiana Cty. Bd. of Commrs. v. Nationwide Ins. Co.*, 719 N.E.2d 561, 566 (1998).

An insurance policy is a contract and "is to be given a reasonable construction in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed." *Dealers Dairy Prod. Co. v. Royal Ins. Co.*, 164 N.E.2d 745, 747 (1960). Ambiguity in an insurance policy "will be construed

strictly against the insurer and liberally in favor of the insured." *King v. Nationwide Ins. Co.*, 519 N.E.2d 1380, 1383 (1988).

Accordingly, Rogers requests this Court declare the rights of the parties under the Policy. Specifically, Rogers requests the Court determine that the Association has a right to have the amount of Loss determined by appraisal as provided for in the Policy.

## II. This Matter Must Proceed to Appraisal.

### A. Legal Standard

Appraisal provisions have been a part of insurance policies for over one hundred years and Courts have been called upon to determine their meaning and effect. *Graham v. German Am. Ins. Co.*, 79 N.E. 930 (1907). The purpose of appraisal is "to provide a plain, speedy, inexpensive and just determination of the extent of the loss." *Saba v. Homeland Ins. Co. of Am.*, 159 Ohio St. 237, 240, 112 N.E.2d 1, 3 (1953). Appraisal provisions are a valid part of the insurance agreement and are given a significant importance as a right of the parties to resolve disputes over the amount of Loss. *Id.* ("The plaintiff was led to believe that he was purchasing policies giving him the right to an appraisal and a prompt settlement of his loss so he would have the insurance money with which to reconstruct his building without the expense and delay incident to litigation. ***Obviously this is a valuable right which he should not be denied.***") (emphasis added). As the Ohio Court of Appeals reiterated "[a] valid appraisal provision is binding where invoked by the parties and expressly made the preferred method by the terms of the policy; also public policy favors appraisals which will be enforced in the absence of fraud,

mistake, or manifest injustice." *Edwards v. Transamerica Ins. Grp.*, No. 86AP-176, 1986 WL 9619, at *2 (Ohio Ct. App. Sept. 2, 1986).

Appraisal panels are permitted to determine factual issues related to the amount of Loss, while solely legal issues of Policy interpretation are reserved for the Court to determine. *Prakash v. Allstate Ins. Co.*, No. 5:20-CV-00524, 2021 WL 37698, at *2 (N.D. Ohio Jan. 5, 2021). Appraisal panels determine "how much damage the [storm] caused, what repairs are necessary to repair the damage caused by the storm, and how much those repairs will cost." (Remick Aff. Ex. 9 and 10; see also, Remick Aff. Ex. 1, 2, and 13; see also, *Stonebridge at Golf Vill. Squares Condo. Ass'n v. Phoenix Ins. Co.*, No. 2:21-CV-4950, 2022 WL 7178548, at *4 (S.D. Ohio Sept. 22, 2022); *Westview Vill. v. GNY Fire & Cas. Co.*, No. 1:22-CV-0549, 2022 WL 3584263, at *4 (N.D. Ohio Aug. 22, 2022); *Eagle Highland Owners Ass'n v. State Farm Fire & Cas. Co.*, No. 3:23-CV-19, 2023 WL 8598329 (S.D. Ohio Dec. 12, 2023); *RESERVES AT BEAVERCREEK CONDOMINIUM ASS'N, Plaintiff, v. STATE FARM FIRE & CAS. CO., Defendant.*, No. 3:23-CV-00098, 2023 WL 9183683 (S.D. Ohio Dec. 15, 2023); and *Hunters Glen Condo. Ass'n v. State Farm Fire & Cas. Co.*, No. 3:23-CV-77, 2024 WL 1990875, at *2 (S.D. Ohio May 6, 2024).

Appraisal panels cannot determine strictly legal questions such as interpreting the Policy to determine if the Policy provides coverage for a category of loss. As the U.S. District Court for the Northern District of Ohio held while granting plaintiff's Motion to Compel Appraisal "[c]overage issues are contract-interpretation issues. Accordingly, courts decide legal questions about 'categories of coverage.' But the extent of damage that

a covered event caused presents a factual question, not a legal one." *Westview Vill. v. State Farm Fire & Cas. Co.*, No. 1:22-CV-0549, 2022 WL 3584263, at *4 (N.D. Ohio Aug. 22, 2022).

As the Court in Stonebridge explained while granting a Motion to Compel Appraisal "[t]here *is*, however, clearly a disagreement as to what damage, specifically, that storm caused. That is a factual inquiry, not a legal one. And it is a question that, in this Court's view, ***is best left for a full, first-hand appraisal, rather than a second-hand judicial review***." *Stonebridge at Golf Vill. Squares Condo. Ass'n v. Phoenix Ins. Co.*, No. 2:21-CV-4950, 2022 WL 7178548, at *3 (S.D. Ohio Sept. 22, 2022) (emphasis added).

### B. Argument

The issues present in this matter are issues that are appropriately resolved by appraisal. The appraisal process appropriately resolves the questions of what was damaged by the storm, what repairs are necessary to restore that damage, and how much will those repairs cost — the amount of Loss. When the appraisal panel answers these primary appraisal questions, it will likely resolve the entire disputed claim.

State Farm contends that appraisal is appropriate for exterior damage but not for interior damage. The interior and exterior damage is a result of the same storm and is all part of the same loss under the one assigned claim number. Rogers has demanded an appraisal of the amount of Loss caused by the March 25, 2023 storm. The appraisal panel is permitted to determine if that storm caused damage only to the exterior of the home, or if the storm breached the water seal of the roof and permitted the wind-driven rain to enter

the home causing damage to the interior. This is part of determining, "how much damage the [storm] caused."

There is simply no support in the Policy to limit the appraisal to only exterior damage. There is no differentiation identified in the Policy's appraisal provision, or anywhere else in the Policy, between assessing interior versus exterior damage. Additionally, the damage spans through the layers of construction from the shingles, the water barrier, the roof decking, joists, insulation, sheetrock ceiling, sheetrock walls, wall insulation, floor covering, floor sheathing, and foundation. There are many layers of the building structure that sustained damage and there is no restriction that would permit the appraisal panel to assess down to a certain layer, but not assess the entire loss. Rather, the appraisal panel will assess the wind and water damage to the roof and follow the path of water to assess everything that the water damaged. The appraisal panel is fully capable of, and in the best position to, determine what was damage by the storm which is required to determine the "amount of Loss."

### C. Conclusion

The Policy provides for appraisal of the entire amount of Loss, without restrictions on assessing interior damage. Rogers experienced and reported a Loss. State Farm agrees that the storm is a covered cause of loss that caused damage to the property. The only dispute in this matter is the amount of Loss. Accordingly, Rogers respectfully requests this Court grant its Motion to Compel Appraisal.

### III. Litigation Should Be Stayed Until the Appraisal is Conducted.

The Association requests litigation proceedings in this matter be stayed until after the appraisal panel issues its determination on the amount of Loss. The proper course for this disputed insurance claim is to submit the question of the amount of Loss to the appraisal panel. The appraisal panel will then issue an award that determines the full value of the Loss. It is likely that after the appraisal determines the amount of Loss, there will be no further issues in dispute and litigation may not be necessary at all. The purpose of appraisal is to decide the disputed amount of loss *outside* of the Courtroom such that the parties are not forced to endure the expense and delay of litigation and the Court is not burdened with matters best resolved outside of court. Therefore, litigation should be stayed until appraisal is concluded.

## **CONCLUSION**

For the reasons set forth above, the Association respectfully asks the Court for the following relief:

1. An order from the Court compelling the disputed amount of loss be established by appraisal at the soonest time the panel is available;

2. That litigation in the current matter be stayed until the completion of an appraisal which will potentially resolve this matter in its entirety; and

3. Such further relief as the Court deems just and equitable.

                                                            Respectfully submitted,

Date: June 21, 2024                    */s/ Anthony A. Remick*
                                                         SMITH JADIN JOHNSON, PLLC
                                                         Anthony A. Remick
                                                         Ohio Bar No.: 100812
                                                         Timothy D. Johnson
                                                         Ohio Bar No. 98515
                                                         470 Broad Street, Suite# 725
                                                         Columbus, Ohio 43215
                                                         Telephone: (952) 388-0289
                                                         Facsimile: (612) 235-7927
                                                         aremick@sjjlawfirm.com
                                                         tjohnson@sjjlawfirm.com
                                                         **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 21st day of June, 2024, a copy of the foregoing Memorandum of Law in Support of Its Motion to Compel Appraisal and Stay Litigation was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record:

Melanie Norris (0073506)
Dinsmore & Shohl LLP
2100 Market Street
Wheeling, WV 26003
Melanie.norris@dinsmore.com
Attorney for Defendant


Kelli J. Amador (0095550)
Dinsmore & Shohl LLP
191 W. Nationwide Blvd., Suite 200
Columbus, OH 43215
E-mail: kelli.amador@dinsmore.com
Attorney for Defendant

*/s/ Anthony A. Remick*
Anthony A. Remick (100813)