**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**SHARON MARIE ROGERS**

    **Plaintiff,**

**v.**                                              **CASE NO. 1:24-cv-148**
**STATE FARM FIRE AND CASUALTY**
**COMPANY**

    **Defendant.**

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL APPRAISAL**

Plaintiff Sharon Marie Rogers ("Rogers") asks this Court to compel the parties to appraisal, claiming that State Farm Fire and Casualty Company ("State Farm") and Rogers "disagree" on the "amount of loss" and that appraisal is the appropriate course of action. Essentially, Plaintiff Rogers seeks a declaratory judgment that appraisal is applicable to this suit.

Conversely, Plaintiff fails to provide, and in correspondence with counsel, has failed to provide, any actual evidence where this Court could find a dispute as to the "amount of loss." While Rogers initially alleged that a full roof replacement was necessary, despite several inquiries, she has failed to provide evidence to State Farm that portions of the roof not damaged by the storm also necessitated replacement. State Farm disputes that a full replacement of the undamaged exterior portions of the roof is necessary. Additionally, in Rogers' Memorandum in Support to Compel Appraisal, she contends that an appraiser should be able to make a coverage determination regarding alleged damage to the *interior* of the home—a claim State Farm denied. She requests appraisal to determine "if that storm caused damage only to the exterior of the home, or if the

storm breached the water seal of the roof and permitted the wind-driven rain to enter the home causing damage to the interior." See, Doc #12, at PageID 183.

This argument is fatal to Rogers claim for appraisal. First, Plaintiff has failed to comply with the policy provisions required before appraisal is permitted, and thus appraisal is not appropriate. Plaintiff has failed to provide specific documentary evidence of the amounts in dispute for her demands for appraisal of the interior or exterior of the home. Second, Rogers' arguments demonstrate that the only disputes between the parties are those of coverage as to undamaged and damaged portions of the home, and not the "amount of loss," to which appraisal would apply. While Plaintiff points this Court to multiple opinions purportedly in support of her argument, they are all distinguishable and do not appear to have involved the specific appraisal provision presently before this Court. Finally, while State Farm argues that appraisal at this point is premature, if this Court grants Rogers' motion, it should do so in a manner to preserve the coverage issues to be determined at a later date as other Courts in the Southern District have done.

Appraisal is warranted only where the parties dispute the amount of loss and plaintiff has complied with the terms of the policy. Here, the only issues that remain are those of coverage, and not a specific dispute as to the valuation of Rogers claim. Specifically at issue is whether coverage exists as to (1) the alleged damage to the interior of the home and (2) the undamaged portions of the exterior. Such issues are "other questions of fact", questions of law and/or questions of coverage solely reserved for the court under the express Policy language and Ohio law. Moreover, Plaintiff has not complied with all of the terms of the policy necessary to invoke appraisal. As such, this Court should deny Rogers' request for appraisal.

**A. Plaintiff has failed to comply with the provisions of the Policy required for appraisal, and thus her motion should be denied.**

The appraisal provision in the residential policy at issue states, in part:

**SECTION I – CONDITIONS**

4. **Appraisal.** If *you* and *we* fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only *you* or *we* may demand appraisal. A demand for appraisal must be in writing. *You* must comply with **SECTION I – CONDITIONS**, **Your Duties After Loss** before making a demand for appraisal. At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.

   \*\*\*

   h. Appraisal is only available to determine the amount of the loss of each item in dispute. **The appraisers and the umpire have no authority to decide**:
      (1) **any other questions of fact**;
      (2) **questions of law**;
      (3) **questions of coverage**;
      (4) other contractual issues; or
      (5) to conduct appraisal on a class-wide basis.

June 17, 2024 Letter from State Farm to Plaintiff containing complete appraisal provision, attached hereto as **Exhibit A**[1]; *see also* Policy at p. 21, attached as Ex. 3 to Plaintiff's Motion.

Notably, the appraisal provision of the policy requires the party demanding appraisal to provide a "written, itemized documentation of a specific dispute as to the amount of the loss," at least ten days before making the demand.

Plaintiff made her demand for appraisal on May 20, 2024, which failed to include such written, itemized documentation. On June 17, 2024, counsel for State Farm responded to Plaintiff's demand for appraisal, noting:

> Other than reference to the amount of the estimate presented by Plaintiff's public adjuster pre-suit, your client's May 20, 2024 appraisal demand letter contains no

---

[1] Exhibit A is identical to Exhibit 9 of the Plaintiff's Motion to Compel.

3

> "written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.' Rather, your May 20, 2024 letter merely references a global monetary estimated for combined alleged interior and exterior damage. Moreover . . . I asked for the basis of your client's position that total roof replacements are required . . . You have not yet responded to my inquiry.

To date, Plaintiff's counsel has failed to provide a response to this specific inquiry, or otherwise respond other than with the filing of the pending motion to compel.

Under Ohio law, "[a]n insurance policy is a contract whose interpretation is a matter of law." *Equity Planning Corp. v. Westfield Ins. Co.*, 522 F. Supp. 3d 308, 315 (N.D.Ohio 2021) citing *City of Sharonville v. Am. Emplrs. Ins. Co.,* 109 Ohio St.3d 186, 2006-Ohio-2180, 846 N.E.2d 833, ¶ 6. A court "examine[s] the insurance contract as a whole and presume[s] that the intent of the parties is reflected in the language used in the policy." *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 9

A plain reading of the appraisal provision demonstrates that Plaintiff's Motion to Compel Appraisal fails due to Plaintiff's failure to abide by the requirements of the policy. The Policy states that the party seeking appraisal "must" provide written documentation of specific disputes as to the amount of loss. Plaintiff demanded appraisal on May 20, 2024. However, she failed to provide the required documentation outlined by the Policy. The only information Plaintiff has provided is an estimate from a public adjuster, which references the global monetary estimate for the combined interior and exterior damages, and fails to specifically identify what items, if any, are being disputed. Additionally, despite multiple requests from State Farm, plaintiff has still failed to provide the required documentation required prior to proceeding with appraisal. As plaintiff has failed to comply with the clear requirements of the policy language, her request for appraisal must be denied.

**B. Only the "amount of loss" can be determined by appraisal and the policy specifically prohibits the appraiser from answering other questions of fact and questions of coverage.**

Plaintiff's failure to provide the required documentation of the specific amounts in dispute is a result of Plaintiff attempting to have an appraisal make determinations as to coverage. As plainly stated in the Policy, the appraisers and umpire only have authority to decide the "amount of loss" of each item in dispute – the Policy expressly prohibits the appraisers from addressing any "other issues of fact" or any issues of law or issues of coverage.

Courts in Ohio that have routinely found that appraisal is improper where the dispute is one of coverage, and not regarding any actual "amount of loss" as defined by the relevant policy. See, *McPheeters v. United Servs. Auto. Assn.*, S.D.Ohio No. 1:20-cv-414, 2020 U.S. Dist. LEXIS 150965, at *4 (Aug. 20, 2020) (request for appraisal denied as the issue presented was not of the type that is appropriate for appraisers because the dispute was parties do not dispute the "amount of loss," but the scope of the Policy's coverage), attached as **Exhibit B**; *James Leonard v. State Farm Fire & Casualty Company*, Butler County Court of Common Pleas Case No. CV 2023 06 1145 (September 21, 2023) (concluding appraisal is premature where "the controversy is over replacement of sections of the roof that were not damaged by the storm – and may not even be damaged at all. Neither the "extent" nor the "cause" needs to be determined."), attached as **Exhibit C**; see also *Scott Mika, et al v. State Farm Fire & Casualty Company*, Warren County Court of Common Pleas Case No. 22 CV 95633 (March 9, 2023) (holding appraisal was not warranted because "the dispute between the parties is not one involving a monetary value in the loss to Plaintiffs' property, but a dispute regarding coverage under the terms of the policy."), attached as **Exhibit D**; *Schneider v. State Farm Cas. Co.*, Case No. 23 CV 1444 (February 15, 2024), a copy

5

of which is attached hereto as **Exhibit E** (denying motion to compel appraisal because the dispute over whether the roof was repaired or replaced was a question of coverage).

In *Leonard*, *supra,* the plaintiff claimed the dispute between the parties was over the amount of loss because the parties had differing estimates. Judge Stephens disagreed, finding that the dispute was not over cost but over questions of law and coverage and, as such, appraisal was not applicable:

> The difference in cost is primarily due to the fact that State Farm determined the storm damaged 22 shingles and a 4-foot by 4-foot section of decking and authorized repairs only for the damaged portion of the roof, while Leonard's roofer indicated replacement of the entire roof was required due to the unavailability of matching shingles.
> \*\*\*\*
>
> Leonard submitted that the appraisal provision anticipates the use of appraisers to determine both the extent and cause of damages. **However, Leonard has not argued convincingly that either the extent or cause of damages is actually in dispute**. The issue to be determined is whether the insurance policy provides coverage when one part of a roof is damaged but the undamaged portion must also be replaced because the replacement shingles in the damaged area do not match those in the undamaged area. **The controversy is over replacement of sections of the roof that were not damaged by the storm – and may not even be damaged at all. Neither the "extent" nor the "cause" needs to be determined**.
> \*\*\*\*
>
> Leonard, as an alternative to his extent/cause of damages argument, additionally asserts that failure to replace the entire roof would violate residential building codes.
> \*\*\*\*
>
> The issue is whether State Farm is required by its policy to replace the entire roof, even though the entire roof was not damaged in the storm, in order to comply with Ohio law. This a question of coverage, and a question of law – both of which are specifically excluded from the authority of appraisers.
>
> Leonard has not alleged that the parties disagree over the costs of replacing his entire roof, only whether the entire roof should be replaced in light of the fact that the entire roof was not damaged by the storm. Ordering an appraisal in which

> Leonard's appraiser would determine the value of the entire roof while State Farm's would only determine the value of the 22 shingles and 4-foot by 4-foot section of decking, sets up an apples-to-oranges comparison, and would do nothing to determine the "amount of loss." Until the disagreement is narrowed to an apples-to-applies determination – and a disagreement over the cost of the apples is apparent – any issue of appraisal is premature.

*Id*., at 2-3, 5 (emphasis added).

Also, particularly instructive to the motion pending before this Court is the recent opinion of the Butler County Court of Common Pleas issued in *Schneider*. The appraisal provision before the *Schneider* Court had the same explicit language as the State Farm appraisal provision herein, namely:

> **SECTION I – CONDITIONS**
>
> 4. Appraisal. If *you* and *we* fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. . . .
>
>    h. Appraisal is only available to determine the amount of the loss of each item in dispute. The appraisers and umpire have no authority to decide:
>       (1) any other questions of fact;
>       (2) questions of law
>       (3) questions of coverage
>       (4) other contractual issues; or
>       (5) to conduct appraisal on a class wide basis

Ex. E, p. 2. The Plaintiffs in *Schneider* alleged that their residence sustained damaged from a lightning strike. State Farm issued payment in the amount of $9,366.66 to repair the portions of Plaintiffs' roof that had sustained physical damage. The Plaintiffs demanded an appraisal on the basis that they had obtained an estimate in excess of $55,000.00 for a total roof replacement. In addressing Plaintiffs' motion to compel appraisal, the *Schneider* Court determined that the parties' dispute was not over the "amount of loss", but rather, a dispute over a question of coverage. Because the appraisal provision in the policy clearly excludes questions of coverage from the

appraisal process, the Butler County Court of Common Pleas denied Plaintiffs' motion to compel appraisal. *See* Ex. E.

Here, State Farm determined that the damage to the exterior part of the dwelling was 3.6 square foot of damaged shingles, 62 LF of Ridge Cap Shingles, and 40 LF of aluminum ridge vent. Rogers has failed to dispute State Farm's findings of physical damage, and further failed to present evidence suggesting that replacement of damaged shingles required replacement of the entire roof – including undamaged portions thereof. Whether Plaintiff is entitled to replacement of undamaged portions of the roof is coverage issue – or at a minimum, an "other issue of fact" – expressly excluded from the appraisal process by the residential appraisal provision before this Court.

State Farm additionally issued a partial denial for Rogers' claim, finding there was no storm damage to the dwelling's interior. Rogers contends the interior was damaged by the storm, and seeks appraisal to determine the amount of such damage. However, the question of whether the loss includes damage to the interior is again, a claim for coverage or an "other issue of fact" that is expressly excluded by the policy language from the appraisal process. Plaintiff has failed to carry her burden of demonstrating that there is a dispute as to the "amount of loss" regarding the claimed damaged to the interior that would be suitable for appraisal. Rather, Plaintiff has presented evidence of a dispute only. Plaintiff has not provided the Court with evidence that a dispute exists ***to which appraisal applies*** and, accordingly, Plaintiffs' Motion must be denied.

The cases cited in Plaintiff's Motion are to no avail because they all involved either commercial insurance policies and/or different insurance carriers with appraisal provisions dissimilar from the residential appraisal provision presently before this Court.[2] For instance, the

---

[2] Plaintiff's brief does cite to *Ledyard v. Cincinnati Ins. Co*. (Jefferson County, OH) which is a case that appears to involve a homeowner's claim under a residential policy, however, the Order does not contain the appraisal provision for purposes of comparison herein.

8

*Cinnamon Ridge* case primarily relied upon by the Plaintiff involved a commercial appraisal provision much different from the provision at issue before this Court:

> **b. Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. Each party will notify the other of the selected appraiser's identity within 20 days after receipt of the written demand for an appraisal. The two appraisers will select an umpire. If the appraisers cannot agree upon an umpire within 15 days, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> **(1)** Pay its chosen appraiser; and
>
> **(2)** Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

*See Cinnamon Ridge*, Plaintiff's Mot. To Compel, at Ex. 2[3].

Notably, the appraisal provision at issue in *Cinnamon Ridge* did not contain the explicit policy language that exists in this case. For instance, there was no language limiting the appraiser's review to only the amount of loss and specifically precluding the appraiser from determining "any other questions of fact, . . . questions of law, [or] . . . questions of coverage," as is the case here. Plaintiff also relies on *Stonebridge at Golf Vill. Squares Condo. Ass'n*[4] for the proposition that the appraiser should be permitted "to decide factual inquiries." But this argument that is, again, directly contrary to the express policy language in the State Farm Policy here, which expressly precludes such factual inquires.

---

[3] *Cinnamon Ridge Condominium Association, Inc. v. State Farm Fire & Casualty Company*, Case No. 3:22-cv-118, (S.D. Ohio February 14, 2023.
[4] *Stonebridge at Golf Village Squares Condominium Assn. v. Phoenix Ins. Co.*, S.D.Ohio No. 2:21-cv-4950, 2022 U.S. Dist. LEXIS 172255 (Sep. 22, 2022).

Although State Farm disagrees that the policy language at issue in *Cinnamon Ridge* allowed for appraisers to decide issues of coverage or issues of fact outside of the "amount of loss", in this case, the State Farm Policy's appraisal provision is significantly more restrictive than that in *Cinnamon Ridge* and the other cases relied upon by the Plaintiff, leaving no doubt such questions are excluded from appraisal. Here, appraisal is only available to determine the "amount of the loss" of each item in dispute, and the policy expressly prohibits the appraisers from having any authority to decide **. . . "any other questions of fact . . . questions of coverage, . . . [or] questions or law . . ."** As such, unlike the policy provisions at issue in *Cinnamon Ridge* and the other cases relied by the Plaintiff, the policy provision in this case expressly excludes "other questions of fact" from the appraisal process – this would include causation. Moreover, the policy at issue expressly excludes questions of coverage from the appraisal process.

Here, the issues upon which Plaintiff seeks appraisal are issues of coverage and/or "other issues of fact" beyond just the amount of loss. In terms of the damage to the exterior, Plaintiff contends she is entitled to a total roof replacement which would include replacement of undamaged shingles. Whether the policy provides for replacement of undamaged property is a question of coverage, not a dispute over the amount of the loss. Further, Plaintiff contends that she is entitled to coverage for alleged storm or water damage sustained to the interior of her home. Again, there is no dispute over the "amount of the loss" because State Farm has concluded that there is no coverage. Because State Farm has not conceded coverage for the claimed interior issues, there can be no dispute over the "amount of loss." As such, any inquiry related to the interior of the home necessarily involves coverage questions or "other questions of fact" both of which are expressly excluded from the appraisal process.

In sum, the issues Plaintiff seeks to have submitted to an appraisal go far beyond the correct price estimate to assign to the physical damage found to have been caused by a storm; they are other issues of fact, issues of coverage, and/or issues of law which are all expressly excluded from appraisal pursuant to the terms of the policy. For these reasons, Plaintiff's motion must be denied in its entirety.

### C. If the Court were to compel appraisal, the appraisers and umpire must prepare the appraisal award in a manner that preserves all coverage and legal questions for the Court.

Plaintiff has, at present, failed to present evidence of a dispute to which appraisal applies. However, if Rogers provides evidence that there is a component of the dispute where appraisal is appropriate, that does not make appraisal the proper mechanism to govern the entire dispute, or to supplant the appraiser in place of the court in making determinations of law. Where issues of law and coverage intertwined, and plaintiffs insist upon appraisal prior to resolving the coverage and legal issues, courts in Ohio have held that the appraiser must provide the appraiser award in a format that preserves the coverage and legal issues for the Court to decide post-appraisal.

Preservation of the coverage issues is mandated by both the policy and case law. The Policy specifically preserves State Farm's right to dispute coverage post-appraisal:

> g. **You** and **we** do not waive any rights by demanding or submitting to an appraisal, and retain all contractual rights to determine if coverage applies to each item in dispute.

*See* Policy, p. 22, attached as Ex. 3 to Plaintiff's Motion. As such, even if this Court were to order appraisal, State Farm is still entitled to determine whether coverage applies to each item in dispute post-appraisal.

Case law similarly supports State Farm's position on this issue. The finding in *Cinnamon Ridge Condominium Association, Inc. v. State Farm Fire & Casualty Company*, Case No. 3:22-

11

cv-118, (S.D. Ohio February 14, 2023), is actually instructive here. The plaintiff claimed the parties disputed the extent of wind damage constituting a covered loss. *Id.* However, the plaintiff also argued that in addition to calculating the cost to repair the damaged property, the appraisal panel should also determine whether the replacement of any undamaged property was necessary to create a "reasonably uniform appearance" and if so, the extent that replacement.

***The Court rejected this second request***. Specifically, the parties agreed that appraisal was applicable to determine the extent of wind damage from the subject storm. However, the Court disagreed with the plaintiff that the replacement of undamaged property for purposes of appearance was an issue for appraisers.

The reasoning and order in *Cinnamon Ridge* was similarly applied in *Udom v. State Farm Fire & Cas. Co.*, S.D.Ohio No. 3:23-cv-126, 2024 U.S. Dist. LEXIS 98994, at *5 (June 4, 2024). The Plaintiff there argued that language from the *Cinnamon Ridge* order requiring the appraisers to separately calculate and identify the dispute costs was not applicable because unlike *Cinnamon Ridge,* the dispute was about a single-family home, and not an apartment complex. *Id.* As such, Plaintiffs requested that the court impose appraisal, determine the costs of repairs, and determine the costs incurred by replacing undamaged roofing to match the replacement roofing. *Id.* at 5. Defendant State Farm reasoned,

> Whether there are building code requirements that may mandate certain repairs in conjunction with repair of the damages is a legal question for the Court, interpreting state law. If there are such code-mandated repairs, then the next question is whether such repairs are covered under the policy. This is a coverage question, also a legal question for the Court.

*Id.* The Court agreed with State Farm that the order from *Cinnamon Ridge* was appropriate because,

> [S]uch an appraisal will give the Court the benefit of a well-developed factual record when it rules on the merits of the claims and defenses in this case, assuming that such a ruling is still necessary after the appraisal has been completed.

See also, *Reserves at Beavercreek Condo. Ass'n v. State Farm Fire & Cas. Co.*, S.D.Ohio No. 3:23-cv-00098, 2023 U.S. Dist. LEXIS 223680 (Dec. 15, 2023) (finding that the question of providing for replacement of undamaged portions of a roof for appearance was a legal question as to coverage, and adopting the order from *Cinnamon Ridge*.). As such, based upon the policy and case law, any appraisal in this case must order the appraiser to provide the award in a format that preserves the coverage and legal issues for the Court to decide post-appraisal.

### D. Conclusion

Plaintiff has failed comply with requirements prior to seeking appraisal as required by the policy, and failed to demonstrate that appraisal is applicable to the dispute in this case, **a question for which Plaintiff bears the burden of proof.** The question of if coverage exists as to (1) the alleged damage to the interior of the home and (2) the undamaged portions of the exterior are "other questions of fact", questions of law and/or questions of coverage solely reserved for the court under the express Policy language and Ohio law. However, should this Court find that appraisal would be beneficial, State Farm respectfully requests that it order the appraisers and umpire to separately calculate the disputed costs, including the alleged damage to the interior and exterior of the structure, so as to preserve the legal and coverage issues for the Court in accordance with the Policy and Ohio law.

**STATE FARM FIRE AND CASUALTY COMPANY**

**By Counsel,**

*/s/ Melanie Morgan Norris*
Melanie M. Norris (OHSB #0073506)

13

DINSMORE & SHOHL LLP
2100 Market Street
Wheeling, WV 26003
(304) 230-1700
(304) 230-1610 (facsimile)
melanie.norris@dinsmore.com

Kelli J. Amador (OHSB# 0095550)
DINSMORE & SHOHL LLP
191 W. Nationwide Blvd
Suite 200
Columbus, OH 43215
(614) 628-6900
(614)628-6890 (facsimile)
kelli.amador@dinsmore.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**SHARON MARIE ROGERS**

    **Plaintiff,**

v.                                  **CASE NO. 1:24-cv-148**

**STATE FARM FIRE AND CASUALTY COMPANY**

    **Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2024, the foregoing document was electronically filed with the Clerk of Courts for the U.S.D.C. for the Southern District of Ohio, Eastern Division (Columbus) via the Court's CM/ECF system and a copy was served upon the below-listed counsel for Plaintiff via the Court's CM/ECF system on this same date.

        Anthony A. Remick, Esq.(OHSB # 100812)
        Timothy D. Johnson, Esq. (OHSB # 98515)
        **SMITH JADIN JOHNSON PLLC**
        7900 Xerxes Avenue, Suite 2020
        Bloomington, MN 55431
        *Plaintiff's Counsel*

**STATE FARM FIRE AND CASUALTY COMPANY**

**By Counsel,**

*/s/ Melanie Morgan Norris*
Melanie M. Norris (OHSB #0073506)
Kelli J. Amador (OHSB# 0095550)